# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00464-CR

**Glenn Smith, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT
### NO. CR-11-0026, HONORABLE DAN R. BECK, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

**PER CURIAM**

Glenn Smith is appealing his conviction for the offense of driving while intoxicated, for which he was sentenced to five years' imprisonment. Included in the appellate record is a certification from the district court concerning Smith's right of appeal. The certification states that this is a plea-bargain case, the defendant has no right of appeal, and the defendant has waived the right of appeal. However, the certification appears to be inconsistent with other portions of the appellate record.

The certification is dated January 26, 2011, but the judgment of conviction was signed several months later, on June 9, 2011. Assuming both dates are correct, there would have been no judgment of conviction from which the district court could have certified Smith's right of appeal at the time the certification was made. *Cf.* Tex. R. App. P. 25.2(a)(2) ("The trial court shall

enter a certification of the defendant's right of appeal each time it enters a judgment of guilt or other appealable order.").

The record also contains a pretrial motion to suppress evidence filed by Smith. Furthermore, according to the district court's docket sheet, the court denied the motion. The docket sheet additionally reflects that Smith had a pending plea of not guilty as of the time of the suppression hearing and, following the adverse ruling, changed his plea to guilty. Under such circumstances, Smith would have had a right to appeal the suppression ruling. *See Stansberry v. State*, 239 S.W.3d 260, 262 n.9 (Tex. Crim. App. 2007). And, consistent with a recognition that Smith had at least a limited right of appeal, we further observe, the district court appointed appellate counsel for Smith after signing the judgment of conviction.[1]

We are required to examine a certification for defectiveness—"correct in form but which, when compared to the record before the court, proves to be inaccurate"—and to use Rules 37.1 and 34.5(c) to obtain an accurate certification. *Dears v. State*, 154 S.W.3d 610, 614 (Tex. Crim. App. 2005); *see* Tex. R. App. P. 34.5(c), 37.1. Given the apparent inconsistences between the January 26 certification and the record before us, we abate this appeal for fourteen days and instruct the district court to prepare and send to this Court an amended certification that indicates whether this was in fact a plea-bargain case and the extent of Smith's right of appeal, if any, from the judgment of conviction. *See* Tex. R. App. P. 25.2(a)(2). A supplemental clerk's record containing

---

[1] We also note that while Smith's appellate counsel seems to acknowledge the existence of a plea agreement at the time of judgment, he represents that (1) the January 26 certification was based on a different, earlier plea agreement that was ultimately withdrawn, and (2) there was no agreement as to punishment.

the district court's amended certification shall be forwarded to the clerk of this Court no later than December 29, 2011.

Before Chief Justice Jones, Justices Pemberton and Henson

Abated

Filed:  December 15, 2011

Do Not Publish